_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 2 6 2016

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In the Matter of the Search of<br>Safe Deposit Box Number 118,<br>Bank of America,<br>2627 Brandermill Boulevard<br>Gambrills, MD 21054 | Case No. 13-0754-SAG<br><br>**SEALED CASE** |
| In the Matter of the Search of<br>1014 Samantha Lane, Unit 101<br>Odenton, MD 21113 | Case No. 13-0755-SAG<br><br>**SEALED CASE** |

### PETITION TO UNSEAL

Petitioner Jason Leopold is a member of the media who seeks to unseal the docket, search warrants and related documents, including affidavits, in the above-captioned cases. A Memorandum of Points and Authorities and Proposed Order are attached.

Undersigned counsel contacted the U.S. Attorney's Office which indicated that it did not have a position on the petition until receiving and review it.

Respectfully Submitted,

/s/ Jeffrey Light
Jeffrey Light,
1712 Eye St., NW
Suite 915
Washington, DC 20006
202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Counsel for Petitioner Jason Leopold*

1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In the Matter of the Search of<br>Safe Deposit Box Number 118,<br>Bank of America,<br>2627 Brandermill Boulevard<br>Gambrills, MD 21054 | Case No. 13-0754-SAG<br><br>**SEALED CASE** |
| In the Matter of the Search of<br>1014 Samantha Lane, Unit 101<br>Odenton, MD 21113 | Case No. 13-0755-SAG<br><br>**SEALED CASE** |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO UNSEAL**

Petitioner Jason Leopold is a national security reporter with VICE News. As part of his reporting on a story, he seeks to unseal the docket, search warrants and related documents, including affidavits, in the above-captioned cases. As explained below, Petitioner has a common law right of access to records relating to these search warrants which have already been executed (Ex. 1). Accordingly, the Court should grant this motion and unseal the dockets in the above-captioned case, as well as search warrants and related documents, including affidavits.

At the outset, this Court must determine whether the records sought by Petitioner are "judicial records," as the common law right of access only attaches to judicial records. The Fourth Circuit has held that it is "commonsensical" that "judicially authored or created documents are judicial records." *United States v. Appelbaum*, 707 F.3d 283, 290

1

(4th Cir. 2013). Thus, the search warrants themselves and any orders issued by the Court in connection with the search warrants are clearly judicial records. With respect to related documents filed with the Court but not authored by the Court, including any affidavits, such documents "are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.* The Fourth Circuit has directly addressed the question of whether affidavits in support of search warrants are judicial records and has answered the question in the affirmative. *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) ("affidavits for search warrants are judicial records.")

With respect to any sealing orders issued in the case, Petitioner does not know whether any such order was issued because the docket in this case is itself sealed in PACER. If no sealing order exists, the warrant and related documents, including the affidavits, must be transmitted to the Clerk for docketing on the public record pursuant to Standing Order 2010-02, *In re: Docketing of Search Warrants and Related Documents* (Misc. No. 00-308) (D. Md. April 28, 2010). If a sealing order does exist, the order itself must be publicly docketed, *Balt. Sun Co.*, 886 F.2d at 65, and the Court must proceed to analyze whether Petitioner has a right of access to the search warrants and affidavits at issue here. In any event, the Court should unseal the docket entry sheet and any sealing order. *In re State-Record Co.*, 917 F.2d 124 (4th Cir. 1990) (rejecting sealing of docket entry sheet where there was no justification for such secrecy); *accord In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 575 (8th Cir. 1988) ("[W]e note that the district court docket sheets have been sealed, no doubt out of an abundance of caution. We think this was improper and so direct the district court to

unseal the docket sheets. . . . The fact that a closure or sealing order has been entered must itself be noted on the court's docket, absent extraordinary circumstances.")

As to Petitioner's right of access to the search warrant affidavits, the Fourth Circuit "has held that the press and public enjoy a qualified common law right of access . . . to judicial records including affidavits supporting investigative search warrants." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). The decision as to whether to unseal the search warrant affidavits rests with the sound discretion of this Court. ("the common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant.") *Balt. Sun Co.*, 886 F.2d at 65. A trial court, however, may only "seal documents if the public's right of access is outweighed by competing interests. The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984), *citing Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-608 (1978).

In this case, the Court should exercise its discretion to unseal the affidavits. The affidavits are sought for a proper purpose, which is to allow the press to report on a criminal investigation, not to promote a public scandal or unfairly gain a business advantage. There are also no privacy or Sixth Amendment interests at issue here. The individual whose address and safe deposit box were the targets of the search warrants at issue here has consented to the disclosure of the records, and Petitioner can provide the

3

Court, upon request, with an affidavit from the individual expressing her position on the matter.

The matter also involves a matter of significant public interest. The search warrant returns indicate that the individual whose safe deposit box was searched was a diplomat with the United States Department of State, and that she possessed at her residence highly sensitive information, including classified affidavits, classified resumes, a classified I.C. Directive, and a Department of Defense personnel roster, along with various documents in foreign languages. (Ex. 1.) The documents further indicate that the search warrant on the safe deposit box was executed by the FBI's Baltimore Field Office "CI-4" squad, suggesting that the investigation relates to a counterintelligence matter. Disclosure of the affidavits would permit the public to understand and evaluate the government's basis for its counterintelligence investigation, as well to understand the accusations against that current or former government employee.

Further, the public does not have access to the information contained in the records. There have been no criminal proceedings against the individual, nor has there been any announcement from the government as to the reasons for its investigation. Thus, there is no alternative way for the public to learn about the investigation. The affidavits are the only source of the information sought.

Finally, in exercising its discretion, this Court must take into account "the common law presumption is in favor of access[.]" *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 330 (4th Cir. 1991). Although not "every sentence of every affidavit in support of a search warrant must always be released, no matter the

4

circumstances," the "ready resort to suppression is for societies other than our own; an accommodation of competing values remains the commendable course." *Id.* at 331.

For the foregoing reasons, Petitioner requests that the search warrants and related documents, including affidavits, be unsealed.[1]

Respectfully Submitted,

/s/ Jeffrey Light
Jeffrey Light,
1712 Eye St., NW
Suite 915
Washington, DC 20006
202-277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Counsel for Petitioner Jason Leopold*

---

[1] Petitioner also requests that the Court publicly disclose the reasons for the findings it makes in ruling on this Petition and also consider alternatives to complete sealing. The Fourth Circuit has held that the Court "should state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight*, 743 F.2d at 235.

## CERTIFICATE OF SERVICE

I hereby certify that this 23rd day of September 2016, a copy of the foregoing PETITION TO UNSEAL and accompanying memorandum of points and authorities has been mailed to:

United States Attorney's Office
36 S. Charles Street 4th Fl.
Baltimore, MD 21201

/s/
Jeffrey Light
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202) 277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In the Matter of the Search of<br>Safe Deposit Box Number 118,<br>Bank of America,<br>2627 Brandermill Boulevard<br>Gambrills, MD 21054 | Case No. 13-0754-SAG<br><br>**SEALED CASE** |
| In the Matter of the Search of<br>1014 Samantha Lane, Unit 101<br>Odenton, MD 21113 | Case No. 13-0755-SAG<br><br>**SEALED CASE** |

**PETITION TO UNSEAL EXHIBIT 1**

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Maryland

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 13-0755SAG
)
Safe Deposit Box Number 118, Bank of America, )
2627 Brandermill Boulevard, Gambrills, Maryland 21054 )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Maryland_____
*(identify the person or describe the property to be searched and give its location):*
Safe Deposit Box Number 118, Bank of America, 2627 Brandermill Boulevard, Gambrills, Maryland 21054, as more fully described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment D

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before ___April 29, 2013___
   *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Stephanie A. Gallagher
   *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____

Date and time issued: __April 15, 2013 3:45pm__    _____
                                                    *Judge's signature*

City and state: Baltimore, Maryland       Stephanie A. Gallagher, U. S. Magistrate Judge
                                          *Printed name and title*

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 112975

FBI BALTIMORE (CI-4)
410-265-8080

On (date) 04/16/2013

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Roya Faith Suleimani
(Street Address) c/o Safe Deposit Box 118
(City) Bank of America
2627 Brandermill Blvd, Gambrills, MD 21054

Description of Item(s):
- copy of Dept of State identification card - card has a photograph and expiration date 12/10/2013 - USG property
- copy of Diplomatic Passport - United States of America - PP# 910143687 - expiration date 11/23/2015 - USG property
- various documents marked for classification.

END

Received By: SA Thomas Cash (Signature)
Received From: Seized from Safe Deposit Box (Signature)

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Maryland

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 13-0754SAG
)
1014 Samantha Lane, Unit 101 )
Odenton, Maryland 21113 )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Maryland_____
*(identify the person or describe the property to be searched and give its location)*:

1014 Samantha Lane, Unit 101, Odenton, Maryland 21113, as more fully described in Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachments B and C

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before ___April 29 2013___
                                                                                    *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Stephanie A. Gallagher _____.
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                                ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___April 15 2013___
                                    ___3:46 pm___                            _____
                                                                                            *Judge's signature*

City and state: ___Baltimore, Maryland___                    ___Stephanie A. Gallagher, U. S. Magistrate Judge___
                                                                                            *Printed name and title*

FD-597 (Rev 8-11-94)    Page 1 of 1

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 112975

On (date) 04/16/2013

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Roya Faith Soleimani
(Street Address) 1014 Samantha Lane, Unit 101
(City) Odenton, MD 21113

① Description of Item(s): "Nicam User Guide", "Tool 2021 Guide", TKB Training Exercises Principles of Classification", "Infisec" (Room A)
② - Steno notebook and loose written notes inside (Room A)
③ - Dell Laptop/Model #PP24L, Express Service Code: 6292478341 and charging cables (Room J)
④ - 2 pages w/handwritten notes in English + 1 page handwritten foreign language (R/J)
⑤ - Unclassified/Fouo DOD personal phone roster + evacuation procedures (R/J)
⑥ - Official US Passport # 820252946 for Roya Soleimani - USG Property (R/A)
⑦ - 2008 Diary/Calendar (R/J)
⑧ - Blue folder with classified Resumes (R/J)
⑨ - Various documents marked for classification (R/A)
⑩ - Blue folder with classified affidavits (R/C)
⑪ - notebook; classified IC Directive; classified IC Experience (R/C)
⑫ - Dell CPU - Serial # (bottom) 2335N51 (R/A)
⑬ Various papers in foreign language marked for classification (R/K)
⑭ Various papers in foreign language (R/K)

END

Received By: SA Thomas B. Cash                Received From: Seized from 1014 Samantha Lane
            (Signature)                                      Unit 101, Odenton MD 21113
                                                             (Signature)

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In the Matter of the Search of<br>Safe Deposit Box Number 118,<br>Bank of America,<br>2627 Brandermill Boulevard<br>Gambrills, MD 21054 | Case No. 13-0754-SAG<br><br>**SEALED CASE** |
| In the Matter of the Search of<br>1014 Samantha Lane, Unit 101<br>Odenton, MD 21113 | Case No. 13-0755-SAG<br><br>**SEALED CASE** |

## ORDER

Jason Leopold's Petition to Unseal is hereby GRANTED. The Clerk is directed to unseal the docket, search warrants and related documents, including affidavits, in the above-captioned cases.

Dated:

                                            Hon. Stephanie A. Gallagher,
                                            United States Magistrate Judge